**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEBANON FARMS DISPOSAL, INC.,** | : | |
| | : | **CIVIL ACTION NO. 1:CV-03-0682** |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **COUNTY OF LEBANON AND THE GREATER LEBANON REFUSE AUTHORITY,** | : | |
| **Defendants.** | : | |

**MEMORANDUM AND ORDER**

This matter is pending the Court's ruling on the parties' cross motions for summary judgment. Now before the Court are Plaintiff's Motions to Strike Pavelek's First and Second Unsworn Declarations. (Doc. Nos. 117, 122.) In response to Plaintiff's motion for Partial Summary Judgment (Doc. No. 87), Defendants jointly filed two unsworn affidavits of Michael Pavelek II, Executive Director of Defendant Greater Lebanon Refuse Authority ("GLRA"), one on September 13, 2005 (Doc. No. 110) and one on September 30, 2005 (Doc. No. 116). Plaintiff argues that the documents contain inadmissable hearsay, citations to unauthenticated documents not in evidence, statements unsupported by the declarant's personal knowledge, and improper legal conclusions. (Doc. Nos. 117, 122.)

## I. Discussion

Pavelek's unsworn declarations were prepared under penalty of perjury, and therefore may be used like an affidavit for summary judgment purposes. 28 U.S.C. § 1746. Federal Rule of Civil Procedure 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively

that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). However, the Supreme Court has rejected the view that "the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Williams v. Borough of West Chester, 891 F.2d 458, 466 n.12 (3d Cir. 1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). "Obviously, Rule 56 does not require the nonmoving party to depose [his] own witnesses." Id. Hearsay evidence contained within an affidavit proffered in support or opposition to summary judgment may be considered if the out-of-court declarant could later present that evidence "in a form that would be admissible at trial." Williams, 891 F.2d at 466 n.12 (3d Cir. 1989). Similarly, courts in this circuit do not preclude the reliance on unauthenticated documents to support or oppose a motion for summary judgment, so long as the documents are ultimately reducible to admissible evidence. Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 329 (3d Cir. 2005).

**A. Pavelek's First Unsworn Declaration**

Plaintiff seeks this Court to strike Michael Pavelek's First Unsworn Declaration, arguing that the document contains statements unsupported by the declarant's personal knowledge, inadmissable hearsay, citations to unauthenticated documents not in evidence, and improper legal conclusions. (Doc. No. 119.) The Court will address each objection in turn.

First, Plaintiff argues that paragraphs 10, 20, 22-24, 38-39, 46, 50, 54-55, 57-61, 64, and 93 should be stricken because they contain factual averments not supported by Pavelek's personal knowledge. Paragraph 10 asserts that Lebanon County took responsibility for waste disposal before state law required such planning, and paragraphs 20 and 22 concern GLRA's past and present financial strength. As Executive Director of GLRA since 1991, Pavelek certainly has the knowledge to testify

about the matters proffered in these paragraphs. (Doc. No. 110, ¶ 1.) The Court finds no support for Plaintiff's argument that Pavelek disclaimed all knowledge of events preceding his tenure as Executive Director.[1] (Doc. No. 128 at 8.) Accordingly, objections to these paragraphs are overruled.

Paragraphs 23-24, and 93 speak to the financial health and physical capacity of the local waste industry. Paragraphs 38, 39, and 46 concern the tipping fees of regional landfills and the tendency of private landfills to file for bankruptcy. Plaintiff argues without specificity that Pavelek lacks the personal knowledge to speak on these matters. However, Pavelek has extensive experience in the waste disposal industry, authored or co-authored numerous publications regarding radioactive or hazardous waste materials, and received awards for his work in waste management. (Doc. No. 88, Ex. C, Pavelek's Curriculum Vitae.) Such generalized knowledge about the regional waste management industry is well within the personal knowledge of someone with Pavelek's experience and position. Objections to these paragraphs are overruled.

Paragraph 50 concerns the findings of an investigation that Pavelek personally conducted. The Court finds no support for Plaintiff's objection to this paragraph and overrules Plaintiff's objection to this paragraph.

Paragraphs 54-61, and 64 make specific assertions regarding the Onyx facility, a private landfill in Lancaster County, Pennsylvania, and its General Manager Michael Carlini. The paragraphs detail internal financial matters within the Onyx facility and speak directly to the knowledge of Carlini. See ¶

---

[1] Pavelek merely testified that he was did not know what specific actions the Lebanon County Commissions took after receiving the Planning Commission's 1991 recommendations. (Def. Ex. H at 58-61.)

56 ("Mr. Carlini does not know if the facility has long term debt"); ¶ 55 (". . . Mr. Carlini does not know whether the facility overall is profitable"); ¶ 64 ("Mr. Carlini of Onyx stated he has no way of knowing if the fees he charges are adequate to cover the landfill's closure . . ."). Pavelek does not assert the basis for this knowledge, nor that he has ever even spoken with Carlini.

Although Defendants correctly argue that "Rule 56 does not require the nonmoving party to depose [its] own witnesses", Carlini has already been deposed and the deposition is part of the record. See Celotex, 477 U.S. at 324. In fact, Defendants concede that the basis for the above paragraphs arises entirely from Carlini's deposition (Pl. Ex. I), making Pavelek's declarations a mere restatement of testimony already in evidence. (Doc. No. 125 at 11.) Defendants' proffer no further basis of personal knowledge beyond that of any individual with access to the record. Accordingly, the Court finds that Pavelek has not demonstrated personal knowledge about the subject matter declared in paragraphs 54-57, 59-61, and 64 and the Court will strike these paragraphs from Pavelek's First Unsworn Declaration. The Court will also strike the following portion of paragraph 58, "as happened at Milton Grove, now Onyx."

Plaintiff argues that paragraphs 3, 5, 7-11, 20, 25, 27-28, 48-50, 64, 69, 81-83, and 96 should be stricken for containing improper hearsay and/or citations to unauthenticated documents not in evidence. (Id.) Paragraphs 3, 5, 7-10, 81-83 each reference public records and agreements that are either in the record or could easily be admitted at trial. For example, paragraph 3 is a direct quote from the mission statement of GLRA's July 5, 2005 Rules and Regulations. (Def. Ex. C.) Paragraphs 48 and 50 reference statements made by certain waste haulers to Pavelek. Paragraphs 25, 27-28 reference statements made to Pavelek by Allen O'Dell of Martin and Martin Consulting Engineers and

C. Peter Carlucci of the law firm Eckert Seamans Cherin & Mellott, LLC. There is no indication that these individuals would be unavailable to testify at trial, which would cure any potential hearsay problems with these statements. Williams, 891 F.2d at 466 n.12 (3d Cir. 1989). Accordingly, objections to these paragraphs are overruled.

Paragraph 11 states "The GLRA was voted the best landfill in North America in 1994 and was ranked 2nd in 1996." Pavelek, as Executive Director in 1994 and 1996, was the individual to whom notice of the awards was given. Although Defendants do not indicate which organizations granted GLRA the awards, there is no indication that these organizations would be unavailable to testify or that Defendants would be unable to produce the physical awards at trial. Accordingly, objections to this paragraph are overruled.

Paragraph 20 provides in pertinent part, "My predecessors and I have explored the possibility of posting a surety bond for landfill closure." As GLRA records would be admissible at trial as a public record under Fed. R. Evid. 803(8), Pavelek's citation to information contained therein is admissible on summary judgment. Moreover, there is no indication that Defendants cannot produce at trial the GLRA records that detail the agency's attempt to procure a closure bond. Accordingly, objections to this paragraph are overruled.

Paragraph 49 concerns Pavelek's investigation into allegations that Plaintiff was misrepresenting the origin of waste in order to dispose the same at out-of-county landfills. Pavelek declares that he followed one of Plaintiff's trucks and observed it attempt to take Lebanon County waste to a Berks County and Schuylkill County landfill. Moreover, Pavelek declares that he personally observed the movement of the waste. Plaintiff does not indicate what portion of this paragraph constitute

inadmissable hearsay evidence. However, to the extent that Plaintiff objects to the misrepresentations its driver allegedly made, these statements are not being offered for their truth, but rather to show that the misrepresentations were made. Similarly, in paragraphs 69 and 96, Pavelek declares that certain offers to purchase GLRA were made but rejected. The contents of these proposals are not referenced, only that such proposals existed. The Court finds no inadmissable hearsay in paragraphs 49, 69, and 96. Accordingly, objections to these paragraphs are overruled.

Finally, Plaintiff argues that paragraphs 6, 13, 16, 67, 68, 74, 77-79, 90-92, and 97 should be stricken as improper lay opinion or legal conclusions. (Doc. No. 119 at 5.) In paragraphs 6, 13 and 16, Pavelek declares his understanding regarding GLRA's obligations under Act 101. As Executive Director, Pavelek is qualified to speak generally to his understanding of GLRA's obligations. Pavelek has the personal knowledge to declare in paragraphs 90-91 that the 2000 Plan was developed upon the advice of counsel and in consideration of C & A Carbone v. Town of Clarkstown, 511 U.S. 383 (1994), and in paragraph 97 that GLRA could not, consistent with his understanding, be competitive with a tipping fee of $35.00 a ton. Objections to these paragraphs are overruled.

Pavelek oversteps his personal knowledge in paragraphs 67-68, 74, 77-79, and 92, wherein he speaks to the language and meaning of statutes at issue in this action. In paragraphs 67 and 74 Pavelek declares that the 1990 Plan has been superseded by the 2000 Plan, which amended Ordinance 15. In paragraph 68, Pavelek opines about the meaning of the term "designated facility" in Ordinance 15. In paragraphs 78 and 92, Pavelek interprets the language of Act 101 and the 2000 Plan. In the first sentence of paragraph 77, Pavelek opines that the flow control would be illegal if it did not provide for the out-of-state transport of municipal waste and, in paragraph 79 that the flow control

system is necessary to keep a level "playing field". (Doc. No. 110 ¶ 79.) These opinions regarding the meaning and constitutionality of the pertinent provisions constitute improper legal conclusions, as they attempt to answer the legal issues at the heart of this action. Accordingly, the Court will strike paragraphs 67-68, 74, 78, 79, 92, and the first sentence of paragraph 77 from Pavelek's First Unsworn Declaration as improper legal conclusions.

**B. Pavelek's Second Unsworn Declaration**

Plaintiff seeks this Court to strike Pavelek's Second Unsworn Declaration, arguing that the document contains references to hearsay statements and citations to unauthenticated documents not in evidence. (Doc. No. 122.) Plaintiff objects to Pavelek's declaration that the Solid Management Plans of Dauphin and Berks Counties do not impose a charge upon municipal solid waste which is hauled out of state.[2] (Doc. No. 116 ¶¶ 2-3.) The Dauphin and Berks County plans are not part of the record before the Court. However, there is no indication that both plans are not reducible to admissible evidence at trial.

In Petruzzi's IGA Supermarkets v. Darling-Delaware Co., 998 F.2d 1224, 1235 (3d Cir. 1993), the Third Circuit allowed hearsay testimony during summary judgment from a non-party declarant regarding an out-of-court statement made by one of the objecting party's witnesses. Although the testimony was double hearsay and the affiant had no personal knowledge as to the truth of the non-party declarant's statement, the Third Circuit found that the evidence was admissible during summary judgement because the proffering party "simply has to produce the [declarant] to give this

---

[2] The original declaration states that the two counties did not impose a "change" upon the waste. Defendants assert that this word was misspelled and should be "charge". (Doc. No. 127.)

testimony." Petruzzi's, 998 F.2d at 1235 n9. Here, Defendants need simply produce officials from Dauphin and Berks Counties to authenticate their Solid Waste Management Plans. Moreover, as explained more fully above, the Court finds that Pavelek has the experience and position to testify generally about the local waste management industry. Accordingly, Plaintiff's motion to strike the second unsworn declaration will be denied.

## II. Order

**AND NOW**, this 5th day of July 2006, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Strike Michael Pavelek, II's First Unsworn Declaration is **GRANTED** in part as follows:

> Paragraphs 54-57, 59-61, 64, 67-68, 74, 78, 79, the first sentence of paragraph 77, and the following portion of paragraph 58, "as happened at Milton Grove, now Onyx" are **STRICKEN**.

In all other regards, Plaintiff's motion to strike the First Unsworn Declaration is **DENIED**. **IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Strike Michael Pavelek, II's Second Unsworn Declaration is **DENIED**.

S/ Yvette Kane
Yvette Kane
United States District Judge

Dated: July 5, 2006